```
             UNITED STATES DISTRICT COURT
              MIDDLE DISTRICT OF FLORIDA
                 JACKSONVILLE DIVISION
```

UNITED STATES OF AMERICA

vs.                                              3:07-cr-112-J-33TEM

WALTER B. LEWIS
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant's Motion for New Trial (Doc. # 104) filed on April 14, 2008. The government filed a response in opposition on April 21, 2008 (Doc. # 105). For the reasons stated below, the motion is denied.

**I. Background**

On May 9, 2007, the Government filed an indictment charging that Defendant "did knowingly, willfully and intentionally combine, conspire, confederate and agree with other persons who are known and unknown to the grant jury, to distribute cocaine, a Schedule II controlled substances [sic] the amount of cocaine being five (5) kilograms or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)." (Doc. # 1 at 1).

On January 17, 2008, Defendant filed a motion to suppress property seized (Doc. # 58). Specifically, Defendant sought an order prohibiting the government from introducing evidence that $99,765 in United States currency was seized from Defendant's vehicle on February 12, 2007, and similarly barring the evidence that $38,960 in United States currency was seized from a vehicle in which Defendant was a passenger. (Doc. # 58). The government filed

a response in opposition to the motion to suppress on January 28, 2008 (Doc. # 62). On February 5, 2008, United States Magistrate Judge Thomas E. Morris held an evidentiary hearing on the motion to suppress, and on February 12, 2008, Judge Morris entered a Report and Recommendation recommending that the motion to suppress be denied. (Doc. ## 65, 67). Among other findings, Judge Morris determined:

> [N]either the February 12, 2007, nor the March 29, 2007 traffic stops were pretextual since both stops were made pursuant to a reasonable suspicion that the traffic laws of the state of Florida had been violated. . . . Defendant gave voluntary consent to search his vehicle during the February 12, 2007 stop. . . . Winn [the owner of the vehicle] gave voluntary consent to search his vehicle during the March 29, 2007 stop. Additionally, undersigned finds that probable cause was present to believe the vehicles in question were being used to facilitate drug transactions and that contraband might be found therein.

(Doc. # 67 at 14-15).

The parties were given a ten-day period in which to file objections to Judge Morris's Report and Recommendation; however, no objections were filed. On February 27, 2008, this Court adopted Judge Morris's Report and Recommendation and denied Defendant's motion to suppress. (Doc. # 70).

On April 7, 2008, a jury was selected. (Doc. # 90). The trial commenced on April 8, 2008, and ended on April 10, 2008, when the jury reached a verdict. (Doc. # 100). The jury found the Defendant guilty as to the sole count of the indictment and found that Defendant conspired to distribute cocaine weighing five (5)

kilograms or more. (Doc. # 100).

## II. Motion for a New Trial

On April 14, 2008, Defendant filed his motion for a new trial. (Doc. # 104). Defendant asserts the following arguments: (1) the verdict is contrary to the law and the weight of the evidence; (2) the Court erred in denying Defendant's motion to suppress; (3) the Defendant was temporarily removed from the Courtroom during a recess when Defense counsel sought to confer with Defendant regarding a potential juror; (4) the Court erred in not allowing the entrapment defense jury instruction; (5) the government improperly questioned Defendant about his trucking company.

For the reasons that follow, Defendant's motion is due to be denied on each ground asserted.

## III. Standard of Decision

A new trial pursuant to Fed.R.Crim.P. 33 may be granted in the interests of justice or on the basis of newly discovered evidence. United States v. Ramos, 179 F.3d 1333, 1336 (11th Cir. 1999). A new trial may be granted "in the interest of justice" if the motion is filed "within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period." Fed.R.Crim.P. 33(a) and (b)(2). In this case, the motion, filed on April 14, 2008, was timely filed within seven days

of the jury's verdict.[1]

Since Defendant does not allege any newly discovered evidence, the Court will analyze the issues under Rules 33(a) and (b)(2). Pursuant to Rules 33(a) and (b)(2), the applicable standard is whether the "interest of justice" mandates a new trial.

A Rule 33 motion for a new trial "is addressed to the sound discretion of the trial court." United States v. Martinez, 763 F.2d 1297, 1312 (11th Cir. 1985). The court may "weigh the evidence and consider the credibility of witnesses." Id.; accord United States v. Cross, 258 F. App'x 259, 261 (11th Cir. 2007). "If the court concludes that . . . the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." Martinez, 763 F.2d at 1312 (internal quotation marks omitted); accord Cross, 258 F. App'x at 261. The court may follow this course even if the evidence is legally sufficient to sustain the verdict. Martinez, 763 F.2d at 1312. However, the Eleventh

---

[1] A new trial may also be granted on the basis of newly discovered evidence. Fed.R.Crim.P. 33(b)(1). To warrant a new trial on the basis of newly discovered evidence, the defendant must establish all of the following: (1) the evidence was discovered after trial; (2) the failure of defendant to discover the evidence was not due to a lack of due diligence; (3) the evidence is not merely cumulative or impeaching; (4) the evidence is material to issues before the court; and (5) the evidence is such that a new trial would probably produce a different result. Ramos, 179 F. 3d at 1336 n.1; United States v. Jernigan, 341 F.3d 1273, 1287 (11th Cir. 2003). In this case, the Defendant has not asserted that the discovery of new evidence warrants a new trial.

Circuit has stated that "[a] motion for new trial must be viewed with 'great caution.'" United States v. Reed, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting United States v. Hall, 854 F.2d 1269, 1271 (11th Cir. 1988)).

Where a motion for new trial argues that the court committed errors during the trial, "the convicted defendant has the burden of showing that (1) some error was in fact committed and (2) that such error was prejudicial to him." United States v. Simms, 508 F. Supp. 1188, 1203 (W.D. La. 1980); accord United States v. DeLaughter, No. 8:07-cr-201, 2007 WL 3034645, at *1 (M.D. Fla. Oct. 16, 2007). Even if the defendant has made such a showing, a new trial is not warranted unless the error affected the defendant's substantial rights. Simms, 508 F. Supp. at 1203; accord DeLaughter, 2007 WL 3034645, at *1; see also Fed. R. Crim. P. 52(a) ("Any error, defect, irregularity, or variance that does not affect substantial rights must be disregarded."). "An error affects the defendant's substantial rights if it probably had a substantial influence on the jury's verdict." United States v. Rodriguez, 259 F. App'x 270 (11th Cir. 2007) (internal quotation marks omitted) (quoting United States v. Stephens, 365 F.3d 967, 976-77 (11th Cir. 2004)). The court must inquire whether the error "was more likely than not a substantial factor" in the conviction. See Stephens, 365 F.3d at 980 (remanding for new trial after concluding that district court's evidentiary error "was more likely than not a

5

substantial factor in [the defendant's] conviction").

As noted above, Defendant asserts that a new trial is warranted because: (1) the verdict is contrary to the law and the weight of the evidence; (2) the Court erred in denying Defendant's motion to suppress; (3) the Defendant was temporarily removed from the Courtroom during a recess when Defense counsel sought to confer with Defendant regarding a potential juror; (4) the Court erred in not allowing the entrapment defense jury instruction; (5) the government improperly questioned Defendant about his trucking company. The Court will address each of these arguments below.

### A. **Weight of the Evidence**

Defendant asserts that "the verdict is contrary to law and the weight of the evidence." (Doc. # 104 at 1). Defendant does not elaborate on this argument or provide any analysis regarding the weight of the evidence or the standards of decision that this Court should apply.

On a Rule 33 motion for a new trial based on the weight of the evidence, "the court need not view the evidence in the light most favorable to the verdict. It may weigh the evidence and consider the credibility of the witnesses." United States v. Hernandez, 433 F.3d 1328, 1335 (11th Cir. 2005)(internal citations omitted). However, "the court may not reweigh the evidence and set aside the verdict simply because it feels some other result would be more reasonable." United States v. Martinez, 763 F.2d 1297, 1312 (11th

Cir. 1985). For the court to set aside a verdict based on the weight of the evidence, "the evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." Id. at 1313. The Eleventh Circuit has recently noted, however, that "motions for new trial based on the weight of the evidence are not favored and are granted sparingly and with cation only in exceptional cases." United States v. Green, No. 07-14593, 2008 U.S. App. LEXIS 9789, at *5 (11th Cir. April 30, 2008)(internal citations omitted).

In response to Defendant's vague and sparse argument on the weight of the evidence, the government catalogues the most persuasive evidence of guilt in this case. The Court heard all the evidence at this trial and now determines that the evidence does not preponderate against the jury's verdict. Specifically, as noted by the government:

> The evidence included the testimony of Robert Heck about numerous multi-kilogram drug transactions with the defendant spanning the time frame of the conspiracy. Heck's testimony was corroborated by the recorded telephone conversations and meetings between Heck and the defendant during which the defendant arranged on two separate occasions to purchase multi-kilogram quantities of cocaine from Heck. The evidence also included the testimony of law enforcement officers about the seizure of large sums of money from the defendant on the two occasions that the defendant had agreed to meet Heck to purchase cocaine from Heck. Additionally, testimony from John Winn established that the defendant had been selling quantities of cocaine to Winn during the conspiracy time frame and that Winn, who was present with the defendant when stopped by law enforcement officers on March 29, 2007, expected to obtain a kilogram of cocaine from the defendant after the defendant's meeting with Heck. The

> testimony of Leonard Graham regarding being stopped by law enforcement officers with a large sum of money given to him by the defendant, further proved the defendant's involvement in a conspiracy to distribute five kilograms or more of cocaine.

(Doc. # 105 at 2).

Further, the testimony offered by Defendant and Defendant's spouse, especially concerning the large sums of cash as being winnings from play station tournaments and other dubious sources, was not credible. After due consideration, this Court declines to grant a new trial based on the weight of the evidence in this case.

### B. <u>Motion to Suppress</u>

Defendant asserts that "the Court erred in upholding its pre-trial Order Denying Defendant's Motion to Suppress the Seizures of Monies from the Defendant." (Doc. # 104 at 1). This is the entirety of Defendant's argument on this point, and it is unavailing. The Magistrate Judge held an evidentiary hearing and entered a detailed report and recommendation on Defendant's motion to suppress. (Doc. # 64, 67). Defendant failed to file a single objection to the report and recommendation despite having ample time to do so. The Court adopted the report and recommendation on February 27, 2008. (Doc. # 71). The issues surrounding Defendant's motion to suppress have been thoroughly evaluated already by this Court. In light of Defendant's failure to advance any specific argument at this time and his failure to object to the report and recommendation when given the opportunity to do so, the

8

Court declines to revisit this matter. Suffice it to say that the Court's ruling on Defendant's motion to suppress was not in error. Thus, a new trial is not warranted on this ground.

**C. <u>Jury Selection</u>**

Defendant advances a creative argument concerning his Sixth Amendment right to counsel during trial as follows:

> The Defendant's presence was required upon completion of jury questioning and prior to the actual selection of the jury. The Court took a ten (10) minute recess. Defense counsel assumed the recess was for counsel and Defendant to confer together regarding who was best to serve on the jury. Instead of the conference between counsel and Defendant, the U.S. Marshall escorted the Defendant from the courtroom due to the Marshall having to use the bathroom. Counsel objected and even offered to follow Defendant to the jail shoot so that he could confer with his client. This was not allowed. Defense counsel was on his own trying to decide who would be suitable for the jury. Upon the Court's return to the Bench, Defense counsel voiced his objection and the court allowed a few minutes for counsel to confer with the Defendant. Defense counsel attempted to excuse for cause prospective juror Lloyd Hendry, III., who had retired from the Jacksonville Sheriff's Office. The challenge for cause was denied. Due to the inability to have a conference with Defendant, the Defendant requested numerous jurors to be excused through the use of peremptory challenges, which was done leaving prospective juror Lloyd Hendry, III, on the jury. After the jury had returned their verdict, Dense counsel observed in the hall the prosecutor and Detective Bates being congratulated for their excellent performance by Lloyd Hendry, III.

(Doc. # 104 at 1-2).

In sum, Defendant asserts that he was denied his Sixth Amendment right to counsel during this trial because, during a short restroom break, Defendant and counsel for Defendant were

9

unable to communicate with each other.  This Court's research has revealed numerous cases discussing the irreparable injury which can result when a trial judge bars a defendant and his counsel from communicating with one another (such as during a recess while the defendant is in the process of giving testimony in a criminal case). See Geders v. United States, 425 U.S. 80, 91 (1976)(a trial court's order preventing a defendant from consulting with his counsel during a seventeen hour overnight recess between defendant's direct and cross examination, based on the trial judge's conclusion that the order was necessary to avoid improper influence on defendant's testimony, deprived defendant of his Sixth Amendment right to counsel).[2]

This Court agrees that it is generally inadvisable to place insurmountable barriers between the defendant and defense counsel at anytime during a criminal trial.  However, the Eleventh Circuit has noted that "a district court does not need to recess proceedings or interrupt or terminate a bench conference whenever a defendant wishes to communicate with his counsel. United States v. Hall, 188 Fed. App'x 922, 924 (11th Cir. 2006).  Further, there is no constitutional violation as long as a defendant is allotted

---

[2] It should be noted that the Court specifically limited the scope of the ruling in Geders.  In its ruling, the Court carefully noted, "The challenged order prevented petitioner from consulting his attorney during a 17-hour overnight recess, when an accused would normally confer with counsel.  We need not reach, and we do not deal with, limitations imposed in other circumstances." 425 U.S. at 91.

a "reasonable opportunity to confer with counsel." <u>United States v. Vasquez</u>, 732 F.2d 846, 848 (11th Cir. 1984).

In this case, the record reflects that the Defendant was temporarily separated from his counsel during a short restroom break. This restroom break occurred during the jury selection process, but it was not a long break, and counsel for Defendant was given an adequate amount of time to confer with Defendant regarding the venire both before and after the restroom break. Further, defense counsel candidly states in the pending motion for a new trial: "Upon the Court's return to the Bench[,] Defense counsel voiced his objection [to Defendant leaving the Courtroom for the U.S. Marshal to be able to use the restroom] <u>and the Court allowed a few minutes for the counsel to confer with the Defendant</u>." (Doc. # 104 at 2). Counsel's aforementioned statements show that the Court gave Defendant and his counsel time to consult with one another regarding the venire despite the short and necessary restroom break. The short recess complained of here does not necessitate a new trial. Defendant and his counsel were briefly separated for a restroom break but were able to confer both before and after the break regarding the venire.³ Thus, a new trial is

---

³ The record reflects that, after the recess, counsel requested more time to discuss the venire, and the Court granted more time for this purpose. After Defendant and his counsel were able to confer, counsel specifically thanked this Court for providing the additional time necessary to confer regarding the venire.

11

not warranted on this ground.

**D.     <u>Entrapment Defense</u>**

Prior to trial, Defendant requested that this Court instruct the jury on the entrapment defense in this case. This Court did not ultimately rule on whether to give the entrapment defense instruction until the close of all of the evidence. It does not appear to be disputed that, after the Defendant offered direct testimony in this case, Defendant's counsel stated that he did not think that it would be appropriate to include the entrapment defense in the jury instructions after all. Accordingly, as noted by the government, Defendant abandoned his request for the entrapment defense jury instruction. Accordingly, a new trial on the basis of the entrapment defense is not warranted. Nevertheless, this Court will analyze the entrapment issue that surfaced in this case.

"A district court has broad discretion in formulating jury instructions." <u>Christopher v. Cutter Lab.</u>, 53 F.3d 1184 (11th Cir 1995). New trials are properly granted when the jury instructions "do not accurately reflect the law, and the instructions as a whole do not correctly instruct the jury . . . [so as to create] 'a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations.'" <u>Broaddus v. FL. Power Corp.</u>, 145 F.3d 1283, 1288 (11th Cir. 1998)(quoting <u>Carter v. DecisionOne Corp.</u>, 122 F.3d 997, 1005 (11th Cir. 1997).

As noted, the Court gave counsel for the government and counsel for the Defendant ample opportunity to present argument regarding whether the entrapment defense would be included in the jury instructions. In determining that the entrapment defense was not appropriate under the circumstances of the present case, this Court relied upon <u>United States v. Gutierrez</u>, 343 F.3d 415 (11th Cir. 2003), a case in which the Eleventh Circuit made the following ruling, all applicable to the instant case:

> Where there is an evidentiary foundation for a theory of defense that, if credited by the jury, would be legally sufficient to render the accused innocent, it is reversible error to refuse a charge on that theory. Therefore, when a defendant's properly requested entrapment instruction is undergirded by evidence sufficient to support a reasonable jury's finding of entrapment, the district court errs reversibly by not adequately charging the jury on the theory of entrapment. The core question regarding entrapment is whether the criminal intent originally resided in the defendant; in other words, whether the government planted the seed of criminality, or instead whether the defendant was willing to perpetrate the offense and the government simply provided the opportunity. Entrapment only arises where the Government, in its zeal to enforce the law, implants in an innocent person's mind the disposition to commit a criminal act, and then induces commission of the crime so that the Government may prosecute. Therefore, to be entitled to an entrapment instruction, a defendant bears the burden of presenting evidence of (1) his lack of predisposition to commit the offense and (2) some governmental involvement and inducement more substantial than simply providing an opportunity or facilities to commit the offense. . . . Government involvement in the offense is not the equivalent of government inducement. "Government inducement consists of the creative activity of law enforcement officials in spurring an individual to crime. . . . Simply because the chain of events leading to the defendant's arrest originated with the government does not entitle a defendant to an entrapment

13

> instruction. It is proper (i.e., not an inducement) for the government to use a sting, at least where it amounts to providing a defendant with an opportunity to commit a crime. . . . Courts have found a basis for sending the entrapment issue to the jury (or finding entrapment established as a matter of law) where government officials: (1) used intimidation and threats against a defendant's family, (2) called every day, began threatening the defendant, and were belligerent, (3) engaged in forceful solicitation and dogged insistence until defendant capitulated, (4) played upon defendant's sympathy for informant's common narcotics experience and withdrawal symptoms, (5) played upon sentiment of one former war buddy for another to get liquor (during prohibition), (6) used repeated suggestions which succeeded only when defendant had lost his job and needed money for his family's food and rent, (7) told defendant that she (the agent) was suicidal and in desperate need of money.

United States v. Gutierrez, 343 F.3d at 419-420 (internal citations omitted).

This Court gave the entrapment issue weighty consideration. The Court heard extensive arguments from counsel on the issue and also conducted independent research on this issue. Ultimately, this Court determined that it would not be appropriate to submit the entrapment defense to the jury, especially in light of Defendant's testimony (which lacked a foundation for the entrapment defense). Accordingly, a new trial is not warranted on the entrapment issue raised by Defendant.

**E.   Cross Examination of Defendant**

Last, Defendant asserts that a new trial is warranted due to the manner in which the government cross-examined Defendant as follows:

14

> The prosecution on cross of the Defendant asked when did Defendant last work at his trucking company. Defendant responded that it was "May of last year." The prosecution asked the question in several ways. At this juncture, the jury did not know Defendant had been in jail since his arrest since May, 2007. Defendant appeared before the jury in a shirt and tie. The prosecution knew the defendant had been in jail since May, 2007 but asked the question as if the Defendant had been on the street. But not operating his truck company, inferring possibly operating his drug business.

(Doc. # 104 at 2).

The Court has read this nebulous argument on a number of occasions, and can only guess as to the legal argument Defendant attempts to advance. Defendant fails to cite case law in support of his argument. The government has not responded to this argument (likely in the same position as the Court: that is unable to determine the precise argument asserted).

Defendant took the stand and offered his point of view. He discussed his trucking business and other ventures. The line of questioning Defendant now characterizes as inappropriate was within the scope of Defendant's direct testimony. The government's cross-examination of Defendant was proper. Accordingly, the request for a retrial on this basis is denied.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant's Motion for New Trial (Doc. # 104) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Jacksonville, Florida, this 8th day of July, 2008.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

copies to:

All counsel and parties of record